IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-22-0205 |
| KHAYR BASIMIBNBROWN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Khayr Basimibnbrown's Motion for Compassionate Release (ECF Nos. 30, 35) and related supplements (ECF Nos. 36–38).[1]

### I. Background

Basimibnbrown pleaded guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. (ECF No. 16.) The amounts involved in the conspiracy were: 400 grams or more of a mixture or substance containing a detectable amount of fentanyl; 100 grams or more of a mixture or substance containing a detectable amount of heroin; 10 grams or more of phencyclidine; a mixture or substance containing a detectable amount of cocaine base; and a mixture or substance containing a detectable amount of cocaine. (*Id.*) He was sentenced to 120 months in prison. (ECF No. 21.)

### II. Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In

---

[1] Basimibnbrown also filed a § 2255 Motion to Vacate and two Motions to Reduce Sentence pursuant to Amendment 821. (ECF Nos. 27, 28, 32.) Those Motions are not yet ripe, and the Court will decide them in due course.

assessing a motion for compassionate release, the Court can "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (citation and quotations omitted).[2]

### III.   Analysis

Basimibnbrown argues that his medical conditions constitute an extraordinary and compelling reason justifying his release and that the § 3553(a) factors also weigh in favor of a reduction in his sentence. (*See generally* ECF No. 35.)

#### A. Extraordinary and Compelling Reasons

Basimibnbrown explains that he suffers from severe and chronic migraines. (ECF No. 35 at 7–14.) He explains that "it is highly probable that his various types of migraines directly manifest from the documented huge and untreated cyst resting on his brain." (*Id.* at 10; *see also* ECF No. 36 at 43 (medical record reflecting that a 2021 MRI showed a colloid cyst of the brain).) He explains that "prior to his incarceration, [he] was seeing a neurologist every ninety [90] days, where he would receive Botox shots in his neck, face, and head" and that "[t]hese treatments were quite effective at keeping the intense migraine pains at bay" but that "BOP has refused to allow him to continue said treatments in prison." (ECF No. 35 at 13.) He avers that the Bureau of Prisons ("BOP") has not treated the cyst on his brain. (*Id.*)

The medical records that he provides reflect that he is receiving some medical care for his migraine conditions, such as neurology visits. (*See, e.g.*, ECF No. 36 at 33–36, 43; ECF No. 37 at

---

[2] The Court considers whether the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). When the Fourth Circuit decided *McCoy*, there were no applicable policy statements, and courts could consider any extraordinary and compelling reason that a defendant might raise. *See United States v. Brown*, Crim. No. JKB-08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023). In November 2023, amended Sentencing Guidelines went into effect, which include a provision that "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." *Id.* Thus, the Court continues to consider any extraordinary and compelling reasons that a defendant raises.

73.) Although the records are somewhat difficult to read, there are handwritten notes from September 2023—apparently from a doctor—that indicate that "Patient responded well to Botox in Maryland [and] if he does not respond well to above Rx[,] will recommend Botox." (ECF No. 37 at 73.) It is not clear from the records whether Basimibnbrown has received any follow-up care for the colloid cyst. (*See generally* ECF Nos. 36–38.) The records also reflect that he has raised issues with the BOP with respect to the effectiveness of his migraine treatment and has requested the reinstatement of the Botox treatment. (*See, e.g.*, ECF No. 36 at 19.)

Further, during Basimibnbrown's plea and sentencing hearing, his counsel alerted the Court to his migraine condition, and the Court, in imposing Basimibnbrown's sentence, provided various recommendations to the Bureau of Prisons, including "[t]hat the defendant shall receive medical care for migraine headaches[.]" (*See* ECF No. 21 at 2; *see also* ECF No. 25 at 42 (counsel explaining that Basimibnbrown "was supposed to have a series of medical shots, 36 shots to his head to help him with the chronic migraines. He's not getting treatment he really needs at CDF. So that's really the main reason he wants to get designated to BOP as soon as possible.").)

Medical circumstances can qualify as extraordinary and compelling reasons for purposes of compassionate release. Extraordinary and compelling reasons exist where "[t]he defendant is— (i) suffering from a serious physical or medical condition" or "(ii) suffering from a serious functional or cognitive impairment" that "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13(b)(1)(B). Extraordinary and compelling reasons also exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." USSG § 1B1.13(b)(1)(C). The Court will assume for

purposes of the pending Motion that Basimibnbrown has presented extraordinary and compelling reasons, given his serious migraine condition and existence of an apparently untreated colloid cyst.

### B. Section 3553(a) Factors

Basimibnbrown also argues that the § 3553(a) factors weigh in favor of his release. However, the Court finds that the § 3553(a) factors do not support a reduction in Basimibnbrown's sentence. The Court carefully considered those factors at his sentencing less than two years ago in August 2022. As the Court explained at the time, Basimibnbrown has a lengthy criminal history, with multiple serious prior offenses; the instant offense involved various types of drugs, and drug distribution is a serious offense that causes many problems throughout the community; and there is a need for specific and general deterrence. Nothing in Basimibnbrown's filings changes the Court's assessment of those factors. Therefore, the Court continues to find that the 120-month sentence it imposed is sufficient but not greater than necessary to achieve the purposes of sentencing under § 3553(a).

Basimibnbrown explains that he has completed a range of educational and vocational courses, that he is 43 and therefore has a low recidivism rate, and that he was not had any disciplinary infractions while incarcerated. (ECF No. 35 at 14–17; ECF No. 35-1 (BOP records reflecting that he has taken various courses and has not had disciplinary infractions).) While commendable, these factors do not overcome those factors that weigh in favor of leaving Basimibnbrown's current sentence in place.

## IV.  Medical Care Claim

As discussed above, Basimibnbrown has a medical condition that he contends is not currently being well-controlled by his BOP facility, FCI Petersburg Low. The Court does not pass judgment on the merits of Basimibnbrown's claim. However, this appears to be a claim arising

4

under the Eighth Amendment. *See Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) ("The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care." (citation, alterations, and quotations omitted).) And "[w]hile [Basimibnbrown] could seek relief for this alleged constitutional violation in an appropriate lawsuit, a motion for compassionate release is not the proper vehicle for an Eighth Amendment claim, and the Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c)." *United States v. Langford*, Crim. No. JKB-15-0539, 2022 WL 1443868, at *2 (D. Md. May 6, 2022) (citations, quotations, and alterations omitted). The proper venue for such a claim would likely be the district in which Basimibnbrown's BOP facility sits. *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2024 WL 150094, at *1 (D. Md. Jan. 12, 2024).

## V.  Conclusion

Accordingly, it is ORDERED that Basimibnbrown's Motion for Compassionate Release (ECF Nos. 30, 35) is DENIED.

DATED this 19 day of March, 2024.

BY THE COURT:

_James K. Bredar_
James K. Bredar
Chief Judge